# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MILIA McDANIEL, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) | CIVIL NO. 09-cv-34-DRH |
| CAPTAIN GOULASH, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

In this habeas corpus action (Doc. 1), filed pursuant to 28 U.S.C. § 2254, Petitioner brings a collateral attack on her Illinois state convictions for forgery and identity theft, for which she is currently serving a 3-year sentence. Petitioner has moved the Court for leave to proceed *in forma pauperis* (Doc. 2).

Based on the information provided with her motion, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**THE PETITION**

Petitioner states that she was convicted in Illinois state court on October 6, 2008, after pleading guilty to forgery and identity theft charges. Along with the state criminal charges, Petitioner was also facing federal fraud and identity theft charges in the United States District Court

for the Eastern District of Missouri. Petitioner contends that her Illinois state sentence is to run concurrently with her federal sentence. At the time Petitioner filed the instant action, however, she had not yet been sentenced on the federal charges. On March 12, 2009, Petitioner was sentenced to 30 months imprisonment (to run concurrent with her Illinois state sentence). *See*, *United States v. McDaniel*, Case No. 4:08-cr-193-SNLJ (E.D. Mo., Judgment dated March 12, 2009).

Petitioner clearly states that she did *not* file a direct appeal with regard to her Illinois state conviction. Petitioner also clearly states that she did *not* seek any type of post-conviction relief with regard to her Illinois state conviction.

Petitioner raises the following grounds in her habeas petition: (1) that the judge and her appointed counsel in the Illinois state criminal proceeding had a conflict of interest because she had filed a federal civil rights action against them;[1] (2) that the Illinois state criminal proceeding had been continued nine times in violation of her right to due process of law; (3) that none of the time which elapsed between October 6, 2008 (when she was sentenced in Illinois state court) and March 12, 2009 (when she was sentenced in the Eastern District of Missouri) will be applied to her sentence;[2] and (4) that she was denied adequate medical care for her medical condition (lupus).

For relief, Petitioner seeks "punitive damages for all the time [she] sat in Madison County Jail as well as from [her] release date up until [her] Federal sentencing . . . [and] her case to be dismissed . . . and the [medical] expenses that [she] incurred in the [Madison County Jail]."

---

[1]This Court's records show that Petitioner did file a civil case, *McDaniel v. Hale*, Case No. 3:08-cv-311 (S.D. Ill., dismissed February 19, 2009). The case was dismissed prior to service of process pursuant to 28 U.S.C. § 1915A. *Id.*

[2]It's unclear whether Petitioner means the time will not be applied to her state sentence or her federal sentence, but the Court assumes she means her federal sentence.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A federal habeas petitioner is required under 28 U.S.C. § 2254(b)(1)(A) to exhaust state remedies before a federal court will consider her claims. 28 U.S.C. § 2254(b)(1)(A); *see also, Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Because it is clear on the face of the petition that Petitioner has not exhausted her available state remedies - by direct appeal or state post-conviction relief - the instant § 2254 action should be dismissed without prejudice.

Furthermore, the writ of habeas corpus is used to completely free an inmate from unlawful custody - not to seek damages stemming from unconstitutional conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint under 42 U.S.C. § 1983, *see, e.g., Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, the petition fails to allege how any of the named respondents were personally and directly involved with the denial of adequate medical care for her condition. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

**DISPOSITION**

**IT IS HEREBY ORDERED** that the instant petition for a writ of habeas corpus pursuant

3

to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED TO CLOSE THIS CASE**.

**IT IS SO ORDERED**.

**DATED:** June 18, 2009.

/s/ DavidRHerndon
**DISTRICT JUDGE**